## REVERE CAMERA CO. v. EASTMAN KODAK CO.

### No. 9464.

United States Court of Appeals
Seventh Circuit.

Jan. 25, 1949.

W. B. Morton, and H. Stanley Mansfield, both of New York City, and Elwood Hansmann, of Chicago, Ill., for appellant.

Max W. Zabel, Foster York, and Zabel & Gritzbaugh, all of Chicago, Ill. (Max W. Zabel and Foster York, both of Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, SPARKS, Circuit Judge, and SWYGERT, District Judge.

MAJOR, Chief Judge.

This is an appeal from a decree entered July 2, 1947, holding claims 9, 10 and 11 of United States Letters Patent No. 2,262,-553, and claims 1, 3, 8 and 13 of United States Letters Patent No. 2,262,570 invalid. The former, known as the Nagel patent, was issued November 11, 1941, entitled "Photographic Apparatus of the Magazine Type," and the latter, known as the Wittel patent, was issued on the same date, bearing the same title. Both patents are owned by the defendant (hereinafter called Eastman).

Plaintiff (hereinafter called Revere) sought a declaratory judgment that the two patents were invalid and not infringed by certain camera models that Revere proposed to manufacture. Damages were also sought for alleged violation of the anti-trust act and illegal use of the patents. A counterclaim interposed by Eastman charged Revere with infringement of claims 9, 10 and 11 of the Nagel patent and claims 1, 3, 8 and 13 of the Wittel patent. The claims of each of the patents are divided into three groups, (1) camera claims, (2) magazine claims and (3) combination camera and magazine claims. It was only as to claims of group (1) that Eastman charged infringement, and it was the claims of·this group which the court held invalid. The court dismissed that part of the complaint which sought a declaration as to the claims in groups (2) and (3). The court also dismissed that portion of the complaint relating to the alleged violation of the anti-trust act and illegal use of the patents by Eastman. While the court found and concluded that Revere's cameras infringed, the relief sought by Eastman in its counterclaim was denied because of the court's holding of invalidity.

Revere did not appeal from that portion of the decree adverse to it. Thus, the only issue here arises from Eastman's contention that the court erroneously held and decreed the camera claims invalid.

Revere, long engaged in the manufacture and sale of cameras, desired to add to its line a moving picture camera that could be utilized in connection with reversible magazines containing double 8 millimeter film. The only magazines of this type commercially available were those manufactured and leased to users by Eastman, and Revere sought to make a camera which could be used with Eastman's magazine. Eastman magazines were leased with the restriction that they were to be used only with the film contained in the magazine. No restrictions were imposed as to the use of the magazines with any particular camera.

Revere designed two cameras which it submitted to Eastman. The latter took the position that both cameras infringed the camera claims of the two patents. There was considerable negotiation between the parties, during which Revere refused to take the license offered by Eastman. Then followed the institution of the instant suit, by which it was sought, as already stated, to obtain a declaration of invalidity as to all the claims of the two patents, with the result that a decision of invalidity was obtained solely as to the camera claims.

The claims in issue, as well as the purpose to be served by the camera, so far as we can discern, have been adequately described by the court below in its findings of fact, and we can do no better than repeat such findings. As to the Nagel patent, the court found:

"The Nagel patent camera claims 9, 10 and 11 relate to the use of four protuberances or studs on the front wall of the camera's magazine chamber which project through holes in the front wall of the magazine and engage correspondingly placed studs on the aperture plate which carries the film within the magazine. The aperture plate is pressed against the front wall of the magazine by a spring. The net effect of the forward pressure exerted on the aperture plate by the springs and the rearward pressure exerted by the studs in the camera wall on the studs in the aperture plate is to fix the film carrying aperture plate exactly in the focal plane of the camera lens. The claimed invention of the Nagel patent is this so-called floating gate construction. It differs from the fixed gate construction, in which the film gate is fixed to the magazine wall, in that the film gate is moved independently of the magazine by devices on the camera, and is accurately placed in the focal plane of the lens despite inaccuracies in the magazine case and without accurate positioning of the magazine in the camera.

"The Nagel camera claims thus pertain only to the symmetrical arrangement of protuberances on the front wall of the camera. The use of protuberances to hold two members at a prescribed distance from each other does not constitute patentable invention. This device is the result of the application of mechanical ability and a knowledge of the laws of optics to the problem of the development of an 8 mm. reversible magazine motion picture camera by one skilled in the art."

Revere claims that the only novelty, if any, disclosed by Nagel is the "symmetrical arrangement of protuberances on the front wall of the camera." This contention is consistent with the court's finding above quoted. In fact, the contention appears to be conceded by Eastman, for it states in its reply brief:

"Plaintiff, with elaboration and much repetition, demonstrates the undisputed fact that the only parts of the new combination recited in the camera claims of the Nagel patent are the four studs on the front wall of the magazine chamber of the camera."

It seems obvious to us, as it evidently did to the court below, that the arrangement called for by Nagel's claims in issue did not constitute patentable invention. That such an arrangement was old in the art appears to have been recognized by the Nagel patentee wherein he states in his specification:

"It is known that locating dowels may be provided on a film magazine for accurate location of the magazine within a camera and also that a floating gate may be provided on the film magazine and located by a camera part upon insertion of the film magazine into the magazine chamber of the apparatus."

Thus, it appears not only that the protuberances on the wall of a camera described

by Nagel were old but that they were old as a means for positioning or locating a floating film gate and connecting a camera with the magazine. In this connection, however, it must be kept in mind that the claims in issue do not include as an element the movable film gate but are confined to projections or protuberances, as they are described.

Eastman concedes that the positioning, character and dimensions of the protuberances called for in the camera claims presented no problem once the desired function to be served was conceived.

Revere's position is that the camera claims must be considered per se in determining the question of their validity. This appears to have been the view taken by the lower court. Eastman, however, argues that the claims in issue must be considered in connection with the patent specification as well as the magazine and combination claims, and particularly the latter. Its position is stated in its brief as follows:

"Plaintiff, however, by treating the camera claims as though they embodied the entire disclosure of the patent instead of being proper subcombinations of the new and useful combination to which the patent as a whole is directed, tries to make it appear that defendant is claiming broadly a camera with positioning studs—any old positioning studs—on the wall of the magazine chamber. The Nagel claims, however, are not of this breadth. Instead they are limited definitely and accurately to studs having the necessary characteristics to act in conjunction with the co-operating parts of the magazine to obtain precise focusing of the film in both positions of the reversible magazine regardless of irregularities in the structure of the magazine and variations in its position in the camera."

The issue is further accentuated by the statement:

"Studs of this character [referring to the protuberances called for in the Nagel claims], when used in conjunction with a magazine having the features recited in the combination claims, serve the very useful purpose of accurately positioning the film in the focal plane of the lens in both positions of the magazine."

■ To follow Eastman's argument in this respect requires a consideration not only of the camera claims but of the combination and magazine claims, notwithstanding that they were not considered by the court below. In view of the record, it seems to us that Eastman is in a poor position to urge such contention. Revere, as already noted in its complaint, requested a declaration as to all the claims of the two patents. Eastman moved for an order dismissing so much of the complaint as was predicated on the combination and magazine claims "on the ground that said claims relate to the combination of a camera and a magazine or to a magazine alone, and the complaint and the exhibits annexed thereto show that defendant has not charged plaintiff with direct or contributory infringement of said combination or magazine claims and that no actual controversy exists between plaintiff and defendant with respect to such combination or magazine claims." Eastman in its counterclaim asserted infringement only of the camera claims. Revere in its answer to the counterclaim, as in its original complaint, again asserted the invalidity of all the claims of the two patents. It was upon this record that the court below refused to consider the combination and magazine claims and confined its decision solely to the camera claims. Notwithstanding this situation for which Eastman is largely responsible, it argues that "the combination claims are infringed by the users of plaintiff's camera just as much as the camera claims." We think no such question is before us, but we doubt the correctness of the assertion. In Special Equipment Co. v. Coe, 324 U.S. 370, 376, 65 S.Ct. 741, 744, 89 L.Ed. 1006, it is stated:

"A patent on the combination embodied in the complete machine, without the allowance of the subcombination claims, would not, as the court below thought, prevent the free use of the subcombination." (Citing cases.)

As we understand that statement, it means that a combination claim is not infringed by the use of a part of the device called for in such claim and, as applied to the instant case, it means that neither

Revere in the manufacture and sale of its camera nor the public who purchase and use it would infringe the combination claims of Eastman. The reason assigned for failure to charge infringement of the combination claims is "that as far as defendant is aware no magazine other than defendant's has been used in plaintiff's cameras and it would be contrary to defendant's policy to charge the use of any product obtained from it to be an infringement of its patents."

Thus we have a situation in which Eastman either because of its policy or the legal obstacle with which it was confronted sought and succeeded in removing as an issue in the case the question of validity of the combination and magazine claims, as well as the question of their infringement by Revere. Now it is sought to sustain the camera claims not on what they disclose but by bringing to their aid elements of other claims not here in issue. More than that, Eastman is the only concern which manufactures magazines of the type described in the patents in suit. These magazines, containing the film, are leased to the public. Thus it has a complete monopoly in this respect. It must be true that these magazines in the hands of the public have no utility except in connection with a camera. And neither does the camera have any utility except when used in connection with the magazine. It requires co-action of these two separate elements to produce either a new or useful result, and it is this combination called for in the combination claims which gives the whole apparatus a patentable status, if such it has. Eastman having placed the magazine and film in the hands of the public, a practical, common-sense view would seem to indicate that the public should be free to make or use a camera which would produce the result intended by Eastman's magazine. To do so would merely require a camera arrangement which would fit and co-act with the magazine and the film. It seems to us that this would not constitute a patentable invention. We think that the arrangement of the camera, which after all is merely a receptacle in which the magazine is placed, is well within the realm of those skilled in the art. This discussion, however, inevitably takes us back to our starting point, and that is whether the camera claims must be considered alone, as urged by the plaintiff, or whether the entire structure of which the camera claims are a part must be explored.

The legal question thus presented is not free from doubt, and the authorities which have been cited or which we are able to find are of little benefit in solving the problem. In Roberts v. H. P. Nail Co., C.C., 53 F. 916, 920, it is stated in effect that it is permissible for a patentee after claiming his whole machine to claim also the combination of fewer parts than the whole, provided the combination of such parts is new, even if taken alone they will not result in any known useful products. To the same effect is Thomson-Houston Electric Co. v. Black River Traction Co., 2 Cir., 135 F. 759, 763. The point in those cases, however, is that the court is speaking of subcombination claims which in themselves describe something that is new. Eastman relying on the cases we have just cited, states the rule thus:

"* * * an inventor of a new and patentable combination is entitled not only to claims to the combination, but also to subcombination claims to such parts of the combination as are per se novel."

This argument begs the question, for it assumes that the claims in issue describing the camera are "per se novel." This argument takes a peculiar turn; that is, the subcombination claims must describe parts which are novel "per se" but in ascertaining such novelty the combination as a whole must be explored. Such reasoning would permit the patentee of a combination to obtain claims on each element of his combination and thereby extend his monopoly beyond anything contemplated by the patent statute.

Special Equipment Co. v. Coe, supra, contains an interesting discussion relative to subcombination claims, although not particularly illuminating of the question under consideration. There, the situation before the court arose on account of the refusal of the Commissioner of Patents to issue a patent upon an application for a subcombination of the elements of a machine. The application had been denied on the ground

that the patentee intended to use the invention described in the subcombination claims as a means to exploit and protect the combination invention embodied in the complete machine. The court disagreed with the grounds assigned by the Commissioner for his refusal to allow the subcombination claims. There was no question in that case but that the subcombination claims described a device which in itself was useful and patentable, irrespective of the combination. While the decision goes no further than to hold that a patentee is entitled to subcombination claims under such circumstances, it would seem, inferentially at least, that such claims must in themselves describe a device novel and useful, separate and distinct from the apparatus described in the combination.

The lower court as to the Wittel patent found:

"The Wittel patent camera claims 1, 3, 8 and 13 relate to a single unitary member which performs the two functions of centering the magazine aperture plate when the magazine is in the magazine chamber of the camera, and of rotating, i.e., opening and closing the shutter in either the original or inverted position of the magazine. This is accomplished by the use of a square rod which extends from the front end of the magazine wall with an extension on the other end of the rod accurately journaled in the aperture plate within the magazine at a point symmetrical with respect to the two apertures. The shutter is secured to this rod. The shutter operating member or bushing in the camera is exactly positioned at the corresponding point with respect to the optical axis of the lens system. The shutter operating bushing is thus used both to operate the shutter by turning the square rod, and to center the film gate with respect to the lens axis by closely engaging the rod. The bushing is mounted on the wall of the camera so that it is fixed with respect to the lens axis.

"The Wittel camera claims thus relate only to a bushing so located on the front wall of the camera that when the shaft, or rod, of the magazine is inserted, the magazine aperture plate is accurately located with respect to the optical axis of the lens system, and the shaft or rod is so engaged that it can be made to turn and thereby to rotate the shutter to cover or uncover the aperture on the magazine. The use of a bushing to locate and to rotate a rod does not constitute patentable invention. This device is merely the result of the application of mechanical ability and a knowledge of the laws of optics to the problem of the development of an 8 mm. reversible magazine motion picture camera by one skilled in the art."

This finding appears to describe adequately the invention asserted for the claims of Wittel in issue. We are not convinced that the court's holding of invalidity was erroneus. Here again it is sought to bring to the aid of these claims all the elements called for in the combination claims. What we have said concerning Nagel in this respect is also applicable to Wittel.

The lower court found the issue of infringement in favor of the defendant. This finding is of little consequence in view of its conclusion that the claims in issue are invalid; in fact, no serious complaint is here made concerning the holding of infringement. Under the circumstances, we think it not material to enter into a discussion of this issue. Obviously, it was essential that Revere construct a camera in which the magazine would fit and cooperate if the desired result was to be accomplished. It is difficult to conceive how that could be accomplished without infringing the camera claims of Eastman. As we agree, however, with the lower court that such claims are invalid, there is no occasion to consider further the issue of infringement.

The decree appealed from is affirmed.